UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
5:04CV-100-J

MARLANE H. NEWELL                                                                    PLAINTIFF

v.

JO ANNE BARNHART
Commissioner of Social Security                                                      DEFENDANT

**MEMORANDUM OPINION**

      This case is before the Court upon review of plaintiff Marlane Newell's objections to Magistrate Judge King's Report and Recommendation that her application for social security disability insurance benefits be denied. After conducting a de novo review of Ms. Newell's specific written objections, the Court is of the opinion that the recommendation should be accepted and the decision of the Commissioner should be affirmed.

      Ms. Newell filed her application for disability benefits on August 24, 2000 alleging that she became disabled on August 18, 2000 as a result of arthritis, fibromyalgia, migraine headaches, chronic fatigue, irritable bowel syndrome, bladder problems, anxiety, memory problems and depression (Tr. 67). The application was denied at the initial stage and upon reconsideration. After a hearing on August 1, 2001, Administrative Law Judge Raymond Gliva found that Ms. Newell suffers from myofascial complaints, status post trigger point releases, bulging discs, and status post deep venous thrombosis without sequelae, a combination of impairments that is severe, but none of which meet or medically equal listed impairments (Tr. 22). She was found to retain the physical capacity to return to her past relevant work as a bank teller and accounts payoff clerk (Tr. 24). Ms. Newell appealed the adverse decision to the Appeals Council, which found no basis for reviewing the ALJ's Decision. Ms. Newell's appeal to this Court followed.

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex rel. Golay v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision is supported by substantial evidence, it must be upheld by the court even if the record might support a contrary conclusion, Smith v. Secretary, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). It is within the parameters of the substantial evidence rule that the Court addresses and rejects each of the plaintiff's objections.

Ms. Newell's objections to the magistrate's report may be summarized as follows: (1) the ALJ's decision is not supported by substantial evidence as the ALJ "played doctor" in rejecting the treating physician's diagnosis of fibromyalgia; (2) the residual functional capacity findings of Dr. Quertermous should have been given controlling weight; and (3) the new evidence presented to the Appeals Council should have been considered.

Ms. Newell contends that the ALJ erred in substituting his own opinions for those of the treating physician's opinions in this case.  Specifically, she faults the ALJ for discounting Dr. Butler's diagnosis of fibromyalgia, for making inappropriate comments regarding her post-menopausal status, and for being critical of the medications prescribed for her.  The magistrate found it inappropriate for the ALJ to make medical findings based upon his own perceived medical expertise, but that such findings in this case were harmless error.

Specifically, the ALJ Decision includes apparent skepticism of Dr. Butler's "sudden" diagnosis of fibromyalgia stating,

> In September 1999, Dr. Butler diagnosed fibromyalgia based on 'tender trigger points throughout her body.'  This is too non-specific.  Moreover, this diagnosis has sprung up out of the blue without any supporting laboratory results, specific fibrocytic tenderpoint identification and after the claimant was post menopausal.  I do not accept this highly unscientific speculation by Dr. Butler.  (Tr. 21)

The ALJ erroneously attempts to apply medical expertise in these statements.  However, the statements must be weighed against the fact that the ALJ <u>did acknowledge</u> Ms. Newell's severe impairments of multiple myofascial complaints in his Decision (Tr. 19, 22).  While the ALJ does appear to succumb to the temptation to "play doctor" in making such statements, they cannot alone be the basis for reversing the otherwise proper findings by the ALJ.

Ms. Newell also objects to the ALJ's gratuitous references to her menopausal status, and to the ALJ's suggestion that pain medications have been inappropriately prescribed by her treating physicians. While this Court agrees that ALJ Gliva's comments are inappropriate, it does not appear that they were integral to the analysis of disability.  We agree with the magistrate that not every erroneous or inappropriate statement contained in an ALJ's decision warrants judicial disturbance of that decision, <u>Maziarz v. Secretary of HHS</u>, 837 F.2d 240, 244 (6th Cir. 1987).

Next, Ms. Newell argues that the residual functional capacity findings of Dr. Quertermous should have been given controlling weight (Objections, pages 1-3). She finds fault with the magistrate's reliance upon 20 C.F.R. §404.1527(e)(2) to support the ALJ's rejection of Dr. Quertermous' residual functional capacity findings, noting that this regulation has traditionally been used to prohibit an ALJ from being bound by a physician's unsubstantiated conclusory or declaratory statements regarding disability (Objections, page 2). She further suggests that the magistrate's analysis on this issue essentially makes any review of case-dispositive issues meaningless, in contravention of the treating physician rule itself (Objections, page 2).

It has long been established that the special position occupied by a treating physician calls for his or her opinion to be accorded great weight. While the ALJ is not bound by the opinions of a treating physician, he is required to set forth some basis for rejecting that opinion, Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir. 1987); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). There is no error in declining to accept the unsupported conclusory statement of a physician, even a treating physician, Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988); Duncan v. Secretary of HHS, 801 F.2d 847 (6th Cir. 1986). An ALJ may assign less weight to an opinion if it is not supported by detailed clinical and diagnostic test evidence, Walters v. Commissioner, 127 F.2d 525 (6th Cir. 1997), Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991). Furthermore, while a treating physician's opinion is entitled to great weight, it is not dispositive regarding the ultimate issue of disability, Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

Despite Ms. Newell's statement regarding the traditional use of 20 C.F.R. §404.1527(e)(2), the regulation unambiguously states that determination of a claimant's residual functional capacity is an issue reserved to the Commissioner. In Ms. Newell's case, the ALJ explained his rejection of

4

Dr. Quertermous' RFC, indicating that there was no evidence that the doctor did any testing on Ms. Newell, that the contents of the RFC appear to be supported only by her subjective complaints of pain, that Ms. Newell only sees Dr. Quertermous occasionally for medication refills, that the opinions contained in the RFC are inconsistent with the record and are not supported by objective medical findings (Tr. 21). Consistent with the requirements of 20 C.F.R. §404.1527(d)(2), the ALJ applied the appropriate factors in declining to give the treating source's opinion controlling weight.

Finally, we must decline Ms. Newell's invitation to consider the evidence she submitted to the Appeals Council in our review of the ALJ's decision to deny benefits. It is well-settled Sixth Circuit law that federal courts reviewing claims for social security benefits may not reverse an administrative law judge's decision on the basis of evidence first submitted to the Appeals Council, Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir. 1993). In a case such as this one, the Court is charged with reviewing the decision of the ALJ, and not the denial of review by the Appeals Council (because the ALJ's decision became the final decision of the Commissioner upon the Appeals Council's denial of review). See Casey v. Secretary of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993). Furthermore, Ms. Newell's reliance upon the new material is misplaced as it was not evidence before the ALJ, it was not the subject of a sentence six motion for remand, and she has not proven that the evidence is material and that there is good cause for its late submission, Oliver v. Secretary of HHS, 804 F.2d 964, 966 (6th Cir. 1986).

In sum, there is substantial evidence of record that supports the ALJ's Decision denying benefits to Ms. Newell. Though this Court may have analyzed the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner in this case, Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990).

For the foregoing reasons, the decision of the Commissioner is affirmed.